UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR WALTERS,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA CLARA DEPARTMENT OF CORRECTIONS; *et al.*,<br><br>    Defendant.<br>_____/ | No. C-12-4574 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.    INTRODUCTION

Plaintiff, formerly an inmate at the Santa Clara County Department of Corrections, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

In his complaint, Plaintiff alleges that, on or about April 26, 2012, he was removed from substance abuse rehabilitation classes and was deprived of the opportunity to earn his G.E.D. diploma by Milpitas Adult Education/Corrections instructor Julianne J. and the Santa Clara Department of Corrections staff "for no reason but racial prejudice." Docket # 1, p. 3. Plaintiff allegedly then was moved to "punitive administrative segregation lockdown" where he was "locked down" at least 22 hours per day for 89 days, until July 23, 2012. *Id.* at 3, 7. He allegedly did not receive any written rule violation report or any hearing. Plaintiff further alleges that he received an answer to his administrative appeal that confirmed that he "was removed and placed in punitive administrative segregation lockdown simply because of teacher's personal opinion of me." *Id.* at 7.

The supervisor's answer to the administrative appeal attached to his complaint stated: "Due to your negative and argumentative behavior the instructors requested you be removed from the program." *Id.* at 17; *see also id.* (facility commander's response stated: "Your current behavior does not meet the criteria for programs").

Plaintiff claims that the foregoing violated his First Amendment right to redress of grievances, Eighth Amendment right to be free from cruel and unusual punishment, and Fourteenth Amendment rights to due process and equal protection.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

First, the complaint does not state a claim for an equal protection violation. A plaintiff alleging a § 1983 claim for a denial of equal protection based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *See Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). The plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003). It is not necessary that there be detailed factual allegations, but the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's allegations fail to state a claim for an equal protection violation because he has not alleged any facts plausibly suggesting that the adverse actions were on account of his race. *See Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948 (9th Cir. 2001) (an inference of racial discrimination is not raised and an equal protection claim is not stated when a plaintiff's contentions amount to no more than that he is one race, the state actor is another race, and they disagree about the reasonableness of the officer's conduct). Plaintiff alleges that he was ejected from programs and put into administrative segregation solely due to his race, but alleges no facts to plausibly suggest that this was so. Further, the document he points to as confirmation that the actions against him were wrongful undermines his claim, as that document states that it was his behavior that caused him to be ejected from the programs. Ejecting an inmate from a program due to his bad attitude would not violate any constitutionally protected right to equal protection. Leave to amend will be granted so that Plaintiff may attempt to allege facts that plausibly suggest that he was ejected from the program and put in administrative segregation due to his race.

Second, the complaint does not state a claim upon which relief may be granted for the denial of Plaintiff's inmate appeals or the slow response to those administrative appeals. There is no constitutional right to a prison or jail administrative appeal system in California. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); Cal. Code Regs. tit. 15, §§ 1073, 3084.1. Plaintiff had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process. Nor did the denial of his inmate appeals violate his First Amendment right "to petition the Government for a redress of grievances." U.S. Const. amend. I, because that right does not include a right to receive a favorable decision on the grievances one does present.

Third, his placement in punitive administrative segregation for almost three months without notice of charges or a hearing might be actionable as a due process violation, but Plaintiff has not

linked any defendant to this claim. If he wishes to pursue a claim about his placement in punitive administrative segregation, Plaintiff must in his amended complaint allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Fourth, Plaintiff has failed to link several defendants to any of his claims. He has sued the Santa Clara Department of Corrections, which may be an arm of the municipality of Santa Clara County. He has sued captain Wong of the Santa Clara Department of Corrections, who was the facility commander. And he has sued "Milpitas Adult Education/Corrections," an entity of an unknown nature. None of these defendants have liability based solely on the fact that they employed an alleged wrongdoer. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Local governments, such as Santa Clara County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff is granted leave to file an amended complaint in which he may attempt to allege a *Monell* claim against Santa Clara County Department of Corrections. If he wants to pursue a claim against Milpitas Adult Education/Corrections, he needs to allege what that entity did or failed to do that caused a violation of his constitutional rights.

As noted above, captain Wong has no liability based merely on the fact that someone working at his jail allegedly committed a constitutional tort. A supervisor may be liable under §

1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). The complaint does not make any such allegations against captain Wong. In his amended complaint, Plaintiff may attempt to allege a claim against captain Wong.

Fifth, the complaint does not state whether Plaintiff was a convict at the relevant time. His status matters because it affects the constitutional provision under which some of his claims would arise. A claim about a punitive condition arises under the Eighth Amendment's Cruel and Unusual Punishments Clause for a convict, and under the Fourteenth Amendment's Due Process Clause for a pretrial detainee. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The analyses under these two clauses are often similar, but are not necessarily identical. *See generally Demery v. Arpaio*, 378 F.3d 1020, 1028-29 (9th Cir. 2004). In his amended complaint, Plaintiff must state whether he was awaiting trial or had been convicted at the time the acts and omissions giving rise to his complaint occurred.

After he filed his complaint, Plaintiff filed a "motion requesting court to serve summons and complaint." The motion is DENIED. (Docket # 6.) The motion is premature and unnecessary. Service of process is not yet appropriate because Plaintiff's complaint fails to state a claim and he must file an amended complaint. If and when Plaintiff submits a pleading that the court determines warrants service of process, the court will order service of process. There is no need for Plaintiff to request service of process.

## IV. CONCLUSION

The complaint fails to state a claim upon which relief may be granted. Leave to amend will be granted so that Plaintiff may attempt to state a claim. The amended complaint must be filed no later than **March 29, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them

5

for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: February 27, 2013

_____
EDWARD M. CHEN
United States District Judge